IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NGUYEN FAMILY TRUST by and through its TRUSTEE JIMMY H. NGUYEN, | ) ) ) | No. 83416-9-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) ) | |
| AMERICAN LEBANESE SYRIAN ASSOCIATED CHARITIES, INC., a Foreign Nonprofit Corporation, doing business as ST. JUDE CHILDREN'S RESEARCH HOSPITAL, | ) ) ) ) ) ) | |
| Respondent, | ) ) | |
| DARLENE PIPER, a single individual, | ) ) | |
| Defendant. | ) ) | |

HAZELRIGG, J. — The Nguyen Family Trust (NFT) appeals from an order dismissing its claim for equitable relief against St. Jude Children's Research Hospital. Because NFT was provided an adequate remedy at law by way of a jury verdict against Darlene Piper, which was reduced to a judgment after trial, the court did not err in dismissing its claim for equitable relief against the hospital.

FACTS

In 2014, attorney Darlene Piper was administering the estate of Jack Yates as his personal representative. She invested the estate's money, along with some

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

of her own, into a mortgage-backed loan in Paraguay. In August 2015, Piper began discussing investment opportunities in Paraguay with her longtime friend, Tina Chapman, as Piper had previously invested there with success and Chapman was experiencing delays with a potential real estate investment. Eventually, Chapman agreed to invest $500,000 in Paraguayan bonds, and transferred $515,000 to Piper.[1] On September 9, 2015, Piper confirmed via text message that she received the money from Chapman and would "set up the wire to Paraguay." Chapman later testified she believed the funds were being invested in bonds and that she would not have agreed to invest in a mortgage-backed loan. Piper admitted that she ultimately directed the money into a mortgage-backed loan despite Chapman not fully understanding the investment.

In August 2017, Chapman[2] filed a suit against Piper, alleging a violation of Washington's securities act,[3] fraud, unjust enrichment, and negligent misrepresentation. Chapman/NFT later amended its complaint to add the "American Lebanese Syrian Associated Charities, Inc. doing business as St. Jude Children's Research Hospital" (STJ) as a defendant and changing its third cause of action against Piper to conversion. NFT alleged STJ had been unjustly enriched as a consequence of Piper's bad acts, and sought equitable relief from STJ on that basis. NFT alleged the funds STJ received from Piper were the same funds NFT had given to Piper for an investment. STJ argued the funds were properly received

---

[1] $15,000 was repayment for a loan Piper had previously made to Chapman unrelated to the present litigation.

[2] During trial, the Nguyen Family Trust was substituted as plaintiff for Chapman, as the trust held the funds at issue and thus was the real party in interest.

[3] Ch. 21.20 RCW.

as a bequest from the estate of Jack Yates. Leading up to trial, NFT moved to bifurcate the proceeding, requesting that a jury determine its legal claims against Piper, after which the court would decide its equitable claims against STJ. The court granted the motion, but provided that STJ would "be allowed to fully participate" in the jury trial.

The jury found Piper had violated the state securities act, converted NFT's property, and committed fraud. For the securities act claim and the conversion claim, the jury found in its special verdict forms that the damages for each were $500,000. The jury additionally found the damages for both claims were duplicative. It awarded $62,500 in damages for the fraud claim, which were not duplicative of damages awarded for any other claims.[4] After the trial concluded, STJ brought a summary judgment motion to dismiss, arguing NFT's equitable claim against it failed as a matter of law. The court agreed and granted the motion. NFT timely appealed.

ANALYSIS

NFT argues it is entitled to equitable relief against STJ because it lacks an adequate remedy at law. It alleges its money judgment against Piper is an "illusory remedy" because Piper lacks financial resources to satisfy the judgment. It also contends the money judgment against Piper is not an adequate legal remedy because the same funds converted by Piper are now held by STJ.

---

[4] This amount reflected the interest Piper promised Chapman as a return on her investment in bonds.

Piper testified that in 2015, she assigned the interest in the mortgage-backed loan to NFT via the $500,000 payment from Chapman. STJ alleges at this point, the $500,000 payment became the property of the Yates estate and was properly gifted to STJ pursuant to Yates' will. NFT argues, however, that the Yates loan was in default, as Piper testified that the recipient of the loan had stopped making payments in July 2015. It contends Piper took the money from NFT and represented it as a bequest to STJ on behalf of the Yates' estate.

As a preliminary matter, NFT argues it brought three separate causes of action against STJ for equitable relief: restitution, unjust enrichment, and a request for a constructive trust. It relies primarily on a case from our state Supreme Court, Nelson v. Appleway Chevrolet, Inc. 160 Wn.2d 173, 187, 157 P.3d 847 (2007). There, the court relied on the Restatement (Third) of Restitution in holding that "restitution has roots in both equity and the law." Id. The court went on to say that "restitution is more than a simple contract remedy. It is 'itself a source of obligations, analogous in this respect to tort or contract.'" Id. at 188 (quoting RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 1 cmt. h at 12–13 (Discussion Draft 2000)). However, contrary to NFT's assertions, nothing in Nelson provides for separate causes of action for restitution and unjust enrichment.[5] While the court did state restitution is a "source of obligations" rather than a remedy, it frames unjust enrichment as a wrong rather than a cause of action. Id. at 188 ("Unjustified enrichment is enrichment that lacks an adequate

---

[5] In briefing and at oral argument before this court, NFT cites the Restatement as controlling. However, it is a secondary source, not binding legal precedent. As an intermediate appellate court, we follow case law from our state Supreme Court.

legal basis: it results from a transfer that the law treats as ineffective to work a conclusive alteration in ownership rights.") (quoting RESTATEMENT (THIRD) OF RESTITUTION § 1 cmt. b at 3).

This is consistent with another portion of the Restatement (Third) of Restitution and Unjust Enrichment section 1, which states "The law of restitution is predominantly the law of unjust enrichment, but 'unjust enrichment' is a term of art." Unjust enrichment is the wrong, restitution is the remedy, and the two are used interchangeably to label causes of action. See, e.g., Seattle Mortg. Co. v. Unknown Heirs of Gray, 133 Wn. App. 479, 498, 136 P.3d 776 (2006) ("[A] party must make restitution where it has been unjustly enriched at the expense of another."), see also Ehsani v. McCullough Fam. P'ship, 160 Wn. 2d 586, 594, 159 P.3d 407 (2007) ("[T]he purpose of restitution is to remedy unjust enrichment."), see also Davenport v. Wash. Educ. Ass'n, 147 Wn. App. 704, 737, 197 P.3d 686 (2008) ("[A] common law cause of action for unjust enrichment . . . is equivalent to a cause of action for restitution or implied in law contract."). A constructive trust, likewise, is a remedy. This court has held that "[a] constructive trust is an equitable remedy" whose "primary purpose . . . is to prevent unjust enrichment." Consulting Overseas Mgmt., Ltd. v. Shtikel, 105 Wn. App. 80, 86–87, 18 P.3d 1144 (2001). Here, NFT has only one cause of action against STJ, whether it is labelled as restitution, unjust enrichment, or a request for a constructive trust.

Next, NFT argues the trial court erred in finding it was not entitled to an equitable remedy. "A court will grant equitable relief only when there is a showing that a party is entitled to a remedy and the remedy at law is inadequate." Sorenson

v. Pyeatt, 158 Wn.2d 523, 531, 146 P.3d 1172 (2006) (emphasis added). As a general rule, "courts will not exercise equity jurisdiction when there is a clear, adequate, complete, and speedy remedy at law." Columbia State Bank v. Invicta L. Grp. PLLC, 199 Wn. App. 306, 316, 402 P.3d 330 (2017). "'Where the remedy by action for damages is inadequate or insufficient to do complete justice between the parties, equity will take jurisdiction and grant proper relief.'" Id. at 317 (quoting 30A C.J.S. Equity, § 25, 237 (2007)). Because "it is a well-established rule that an equitable remedy is an extraordinary, not ordinary, form of relief," the remedy at law must be inadequate. Sorenson, 158 Wn.2d at 531.

In Sorenson, our state Supreme Court analyzed whether there was an adequate remedy at law for a group of lenders seeking equitable estoppel and invalidation of a deed. Id. at 542. The court first noted that it thought "it a good equity policy that the person against whom the legal remedy is sought and authorized should be the same person against whom the equitable remedy is sought." Id. at 543. It then considered an argument by the lenders that they would "likely never be accorded full relief for their losses" because of the Pyeatts' "lack of funds and property to satisfy the judgment" awarded. Id. at 543–44. The court did not find this argument compelling, holding "The trial court's entry of judgment in favor of the [l]ender claimants on the money owed to them by Barbara Pyeatt is sufficient evidence that a remedy at law exists," and therefore the lenders were not entitled to an equitable remedy. Id. at 543. "[A]lthough the likelihood of full payment is small," the court concluded "the remedy at law . . . is valid." Id. at 544.

Similarly, NFT's speculation that Piper will never pay a money judgment is a separate question from whether it has an adequate remedy under the law. NFT sued Piper for a variety of claims, tried the case to a jury, and won a significant money judgment (including an award of attorney fees under the state securities act). This successful money judgment is "sufficient evidence that a remedy at law exists," regardless of any speculation about whether Piper will satisfy the judgment. See Id.

NFT also relies on a more recent case from this court, Columbia State Bank, 199 Wn. App. 306. There, the court upheld an equitable claim of successor liability despite Invicta Law Group's argument that there was an adequate remedy at law. It stated "A court may grant relief in both law and equity" notwithstanding the "general rule . . . that courts will not exercise equity jurisdiction when there is a clear, adequate, complete, and speedy remedy at law." Id. at 316. It is true that if "'the remedy by action for damages is inadequate or insufficient to do complete justice between the parties, equity will take jurisdiction and grant proper relief.'" Id. at 317 (quoting 30A C.J.S. Equity, § 25, 237 (2007)).

There are several key distinctions between Columbia State Bank and the case before us. First, the court in Columbia State Bank rooted its analysis narrowly in successor liability, rejecting Invicta Law Group PLLC's invitation to apply principles from equitable liens case law. Id. at 317 (distinguishing Seattle Mortgage Co., 133 Wn. App. 479). In Columbia State Bank, Invicta Law Group was a sole proprietorship formed by Mark Jordan. Id. at 312. The court determined that Invicta Law Group was a successor in liability to Invicta Law Group PLLC,

which Jordan had formed and where he served as the sole member and manager. Id. Jordan "us[ed] the same name, website, signage, telephone number, offices, insurance, employees, and equipment, and represent[ed] the same clients," using the name Invicta Law Group PLLC on "new client engagement letters for nearly six months." Id. at 314. This is clearly distinguishable from the relationship between Piper and STJ, which were separate entities and whose relationship arose out of a single transaction pursuant to Yates' will.

The court in Columbia State Bank also distinguished the Sorenson case because Invicta Law Group PLLC was a successor to the debtor rather than "an innocent third party" and because the trial court had found Columbia State Bank's legal remedy was inadequate to satisfy the debt. Id. at 318. Finally, Columbia State Bank also distinguished Gall Landau Young Construction Co. v. Hedreen "because [Gall Landau Young Construction Co. (GLY)]'s claim in bankruptcy court was on appeal and therefore not certain, and also because there was 'no guaranty' that GLY's bankruptcy claim would provide complete relief." Id. (quoting 63 Wn. App. 91, 99–100, 816 P.2d 762 (1991)).

Here, NFT did not seek relief under a successor liability theory. Columbia State Bank expressly rejected cases cited by Invicta Law Group which did not concern successor liability, significantly narrowing the scope of its decision. Additionally, no party appealed the money judgment against Piper, so the legal remedy at issue here is not uncertain like the one in Gall Landau Young Construction. This case is much more like Sorenson, as NFT has successfully obtained a money judgment against Piper, including an award of attorney fees.

- 8 -

NFT's speculation that Piper will be unable to satisfy the judgment, based only on Piper's own self-serving bankruptcy filings from 2017, is not sufficient to demonstrate that its legal remedy is inadequate. Additionally, NFT's strategy of seeking a legal remedy against Piper and an equitable remedy against STJ is contrary to the general policy statement in Sorenson that the person against whom a legal and equitable remedy is sought should be the same.

As Sorenson notes, adequacy of a legal remedy is not simply the likelihood of a judgment being satisfied. This is consistent with cases from the U.S. Supreme Court and our state Supreme Court. "By inadequacy of the remedy at law is here meant, not that it fails to produce the money—that is a very usual result in the use of all remedies—but that in its nature or character it is not fitted or adapted to the end in view." Thompson v. Allen County, 115 U.S. 550, 554, 6 S. Ct. 140, 29 L. Ed. 472 (1885). This is consistent with our state Supreme Court's holding in Kucera v. Department of Transportation, which stated,

> Courts have generally found remedies to be inadequate in three circumstances: (1) the injury complained of by its nature cannot be compensated by money damages, (2) the damages cannot be ascertained with any degree of certainty, and (3) the remedy at law would not be efficient because the injury is of a continuing nature.

140 Wn.2d 200, 210, 995 P.2d 63 (2000). Our courts have held, for example, that "[s]ince real estate is considered unique, damages do not adequately compensate a purchaser for a seller's breach of a contract to purchase specific land." Carpenter v. Folkers, 29 Wn. App. 73, 76, 627 P.2d 559 (1981).

Here, NFT sought the return of a specific amount of money converted. This is unlike conversion of real property, which is considered unique. The damages

can also be ascertained with certainty, as NFT sought a specific amount of damages against STJ, and the jury awarded monetary damages in NFT's suit against Piper. NFT has not argued that the injury is of a continuing nature. Its speculation that Piper will not satisfy the judgment does not make the legal remedy NFT received inadequate and therefore the court did not err in dismissing its equitable claim against STJ. Because we find NFT has a complete, adequate, and clear remedy at law, it is not entitled to an equitable remedy against STJ.[6]

Affirmed.[7]

WE CONCUR:

---

[6] Because this issue is dispositive, we need not reach NFT's other assignments of error.
[7] In its response brief, STJ asked this court to strike appendices in NFT's opening brief that contained facts outside of the record. NFT submitted an amended brief, removing those appendices. However, NFT attached additional appendices to its reply brief, which also contained facts outside of the record. We decline to consider them.